STAHL, Senior Circuit Judge
(Dissenting).
At the time Whalen was targeted for layoff based on performance-related factors, the law was such that a reasonable officer, when selecting an employee for removal based on such factors, was on notice that such an employee was entitled to due process. The fact that budgetary constraints prompted the officials to evaluate Whalen’s performance is irrelevant— even in this “novel factual cireumstance[ ],” the “officials [were] still on notice” that Whalen was entitled to some form of due process as soon as factors other than seniority were considered in his being selected for removal. See Hope v. Pelzer, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).
In their search through our precedent for a perfect factual match to the facts of this case, my brethren ignore the Supreme Court’s clear direction in Hope v. Pelzer that “[although earlier cases involving ‘fundamentally similar’ facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding.” Id. Indeed, this same error was made by four members of this court sitting en banc in Savard v. Rhode Island, 338 F.3d 23 (1st Cir.2003) (en banc) (opinion of Selya, J.), when this Court evenly divided over the propriety of such a search for the perfect precedential match. The proper inquiry is “whether the state of the law [at the time of the action] gave [Appellees] fair warning that their alleged treatment of [Whalen] was unconstitutional.” See Hope, 536 U.S. at 741, 122 S.Ct. 2508. And here, the answer is unequivocally yes.